## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

FILED

APR 15 2025

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CV 25-3336

**MITCHELL WINE**
*101 Newnata Cutoff*
*Mountain View, Arkansas 72560*
*(501) 350-7663*
*mitchwine@hotmail.com*

PETITIONER

VS.                    Case Number: _____

**MERIT SYSTEMS PROTECTION BOARD**
*1301 Clay Street, Suite 1380N*
*Oakland, CA 94612-5217*
*(510) 273-7022*
*WesternRegionalOffice@mspb.gov*

DEFENDANT

## <u>PETITION FOR REVIEW OF FINAL DECISION</u>

### DEMAND FOR JURY TRIAL

Petitioner, Mitchell Wine, requests review of the final decision of the Merit

Systems Protection Board (MSPB) Western Regional Office case number DA-0752-

18-0116-C-5, which became final on March 12, 2025.

### Divisional Assignment

This action arose from the Merit Systems Protection Board Western Regional

Office located in the city of Oakland and county of Alameda, California and

therefore should be assigned accordingly.

### Jurisdiction and Venue

This petition is timely, and this court has jurisdiction in accordance with 5

U.S.C. § 7703(b)(2) as Petitioner raised disability discrimination, *inter alia*, in

conjunction with a directly appealable action as part of the appeal underlying the

PETITIONER COMPLAINT

compliance proceeding. Venue is appropriate in this court due to the location of the MSPB court that decided the underlying case. Petitioner further avers:

1.    There is a question as to the correct respondent in this matter as Petitioner is ultimately challenging his removal from duty by the U.S. Department of the Interior (U.S. Fish and Wildlife Service) in MSPB case DA-0752-18-0116-I-1.

2.    Petitioner requests that this court change the respondent to Department of the Interior, if appropriate, based on the facts of this petition.

3.    On July 2, 2024, Petitioner filed a Petition for Enforcement (DA-0752-18-0116-C-5) of the April 20, 2018, settlement agreement between he and the Department of the Interior which is on file in MSPB case # DA-0752-18-0116-I-1 (ECF Tab 54).

4.    As part of the compliance proceeding in DA-0752-18-0116-C-5, the administrative judge disallowed discovery of a non-redacted version of email correspondence between Department of the Interior personnel and the state of Arkansas along with Federal Protective Services law enforcement (Exhibit A) describing felony breaking and entering by said law enforcement at Petitioner's private residence on 160 acres of secluded and completely fenced/gated property on December 14, 2017.

5.    The aforementioned felonious breaking and entering, upon information and belief, was meant to end in the death of Petitioner to silence his disclosures of waste, fraud, and abuse by the Department of the Interior and state of Arkansas

related to bribing of government officials by Brazilian meat conglomerate JBS
Corporation.

6.       The felonious armed breaking and entering was undertaken at the
behest of former MSPB vice Chair Ray Limon in his former duties at the
Department of the Interior and were covered up by current MSPB Chair Henry
Kerner during his tenure at the Office of Special Counsel where he authored a letter
explaining to Petitioner that his office would not investigate any disclosures of
unlawful government activity submitted by Petitioner (Exhibit B).

7.       MSPB Judge Scott Borrowman errantly concluded that the December
14, 2017, felonious breaking and entering described herein did not render the April
2018 settlement agreement between Petitioner and the Department of the Interior
null and void.

8.       Petitioner correctly noted to the court that case law indicates that
using the settlement agreement to preclude discovery and disclosure of criminal
activity by the Department of Interior (and others) is prohibited. *Spidel v.
Department of Agriculture*, 113 M.S.P.R. 67, ¶ 6 (2010). See *Fomby-Denson v.
Department of the Army*, 247 F.3d 1366, 1378 (Fed. Cir. 2001) (explaining that "…if
a settlement agreement prohibited the disclosure of a crime, it would be contrary to
public policy and unenforceable in most circumstances)".

9.       The Department of the Interior was previously found in violation of the
2018 settlement agreement in MSPB case DA-0752-18-0116-C-1 and Petitioner
requested that the underlying appeal be reopened, but the MSPB ignored this

request of right to protect the Department of the Interior from its criminal actions that include violations of 5 U.S.C. 2302(b)(14).

10.    As described to the MSPB, Petitioner was maliciously prosecuted by the state of Arkansas in conspiracy with the federal government and unlawfully imprisoned to cease his disclosures of waste, fraud, and abuse he witnessed as part of his duties as a federal biologist with the Department of the Interior.

11.    Petitioner filed his Petition for Enforcement with the MSPB within six months of his release from unlawful imprisonment and MSPB Judge Scott Borrowman claimed such a timeframe was "untimely" without explanation or citation to relevant case law.

12.    Petitioner requests that this tribunal rescind the 2018 settlement agreement between the parties of the agreement, allow full discovery, and conduct a jury trial regarding Petitioner's removal from his previous duties as a federal biologist and the legality of the 2018 settlement agreement. Alternatively, Petitioner requests the case be remanded to the MSPB for a hearing following full discovery of documents presented with this complaint.

13.    Petitioner cannot obtain a fair hearing at the MSPB or within any Arkansas court as a result of the criminal conspiracy detailed herein.

Respectfully submitted,

Mitchell Wine

Mitchell Wine
101 Newnata Cutoff
Mountain View, Arkansas 72560
501-350-7663
mitchwine@hotmail.com

PETITIONER COMPLAINT

## CERTIFICATE OF SERVICE

This filing will be transmitted to appropriate parties of record when uploaded to the court's electronic filing system. Any further required service of process will be made after issuance of summonses by the court. A copy of this Petition was emailed to the MSPB Western Regional Office (WesternRegionalOffice@mspb.gov) on April 10, 2025.

**From:** (b) (6), (b)
**To:** (b) (6), (b) (7)(C), (k)(2)
**Cc:** (b) (6), (b) (7)(C), (k)(2)
**Subject:** Re: Assistance with Mitchell Wine"s Removal Process/Retrieval of Gov"t Property
**Date:** Tuesday, December 12, 2017 8:33:53 AM
**Attachments:** image001.png



Thanks.

On Tue, Dec 12, 2017 at 6:46 AM, (b) (6), (b) (7)(C), (k)(2) > wrote:

(b) Thursday we are both unavailable to assist.

(b) /(b) (6), (b) (7)(C), is Friday an option?

Sir, if we cannot get there it is (b) (7)(E)
    I hope we can resolve this issue without incident.

Inspector (b) (6), (b) (7)(C), (k)(2)

U.S. Department of Homeland Security

NPPD/Federal Protective Service

Region 7 Area 3 Arkansas

Cell: (b) (6), (b) (7)(C), (k)(2)

Email: (b) (6), (b) (7)(C), (k)(2)

Petitioner Exhibit A



"Semper Fidelis"

**From:** (b) (6), (b) (7)(C)                          @fws.gov]
**Sent:** Monday, December 11, 2017 4:44 PM
**To:** (b) (6), (b) (7)(C), (k)(2)
**Cc:**
**Subject:** Assistance with Mitchell Wine's Removal Process/Retrieval of Gov't Property

(b) (6), (b) (7)(C), (k)(2), (b)(5)

Thanks for your assistance.

--

(b) (6), (b) (7)(C)

(b) (6), (b) (7)(C)

U.S. Fish and Wildlife Service

Arkansas Ecological Services Field Office / 110 South Amity Road, Suite 300 / Conway, AR 72032

(b) (6),    (office) / (b) (6),    (cell)

http://www.fws.gov/arkansas-es

*NOTE: This email correspondence and any attachments to and from this sender is subject to the Freedom of Information Act (FOIA) and may be disclosed to third parties.*

--



U.S. Fish and Wildlife Service
Arkansas Ecological Services Field Office / 110 South Amity Road, Suite 300 / Conway, AR 72032
(b) (6),    (office) / (b) (6),    (cell)
http://www.fws.gov/arkansas-es

*NOTE: This email correspondence and any attachments to and from this sender is subject to the Freedom of Information Act (FOIA) and may be disclosed to third parties.*

**U.S. OFFICE OF SPECIAL COUNSEL**
1730 M Street, N.W., Suite 218
Washington, D.C. 20036-4505
(202) 804-7000
www.osc.gov

August 31, 2021

Mitchell Wine
101 Newnata Cutoff
Mountain View, AR 72560

*Sent via email to: mitchwine@hotmail.com*

Re: OSC File No. MA-21-001811

Dear Mitchell Wine,

████████████████████████████████████████████████

████████████████████████████ Accordingly, OSC has made a final
determination to close your file. Further, our staff will not process, acknowledge or respond to any
future complaints, calls, emails, or any other type of correspondence submitted by you. While
████████████████████████████████████████████████

Despite OSC terminating its inquiry into your complaint, you may have the right to seek corrective action directly from the Merit Systems Protection Board (Board) under the provisions of 5 U.S.C. Sections 1214(a)(3) and 1221 because you alleged retaliation for protected disclosures or activities. You may file a request for corrective action – commonly referred to as an Individual Right of Action (IRA) appeal – with the Board within 65 days after the date of this letter. The Board regulations concerning your right to file an IRA appeal can be found at 5 C.F.R. Part 1209. Attached, please find a separate letter further explaining your IRA appeal rights.

Sincerely,

Case Review Division
U.S. Office of Special Counsel

Dallas, TX Field Office
P.O. Box 793771
Dallas, TX 75379

Detroit, MI Field Office
P.O. Box 760395
Lathrup Village, MI 48076

San Francisco, CA Field Office
P.O. Box 170023
San Francisco, CA 94117

## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD
## WESTERN REGIONAL OFFICE

MITCH WINE,

           Appellant,

    v.

DEPARTMENT OF THE INTERIOR,

           Agency.

DOCKET NUMBER
DA-0752-18-0116-C-5

DATE: February 5, 2025

Mitch Wine, Mountain View, Arkansas, pro se.

Vincent Alexander, Washington, D.C., for the agency.

**BEFORE**
Scott Borrowman
Administrative Judge

**INITIAL DECISION**

**INTRODUCTION**

This is a petition for enforcement following a settlement agreement reached in Board litigation. The Board has jurisdiction to enforce compliance with its decisions. 5 U.S.C. § 1204(a); 5 C.F.R. § 1201.182. I find that a hearing is unnecessary to resolve the matters at issue. C.F.R. § 1201.183(a)(3). For the following reasons, I conclude that the appellant's request to find invalid the underlying settlement agreement is barred by a prior Board decision. I also conclude that the appellant's complaints about actions taken in 2023 are untimely. The petition for enforcement is DENIED in part and DISMISSED in part.

## ANALYSIS AND FINDINGS

### Procedural Background

On November 9, 2017, the Department of the Interior (DOI or agency) proposed to remove the appellant. On December 8, 2017, the agency implemented the removal. As discussed more below, the appellant alleges that on December 14, 2017, there was an "armed home invasion" at his house by agency and law enforcement personnel.

On December 18, 2017, the appellant timely appealed the removal. *Wine v. Department of the Interior*, MSPB Docket No. DA-0752-18-0116-I-1 (0116 I-1 Appeal File/AF). The parties worked with a settlement judge and reached an agreement. The parties submitted a Joint Motion to Cancel the Hearing, which included the fully executed settlement agreement that was to be effective April 27, 2017. 0116 I-1 Appeal, Tab 54. On April 30, 2018, Administrative Judge Marie Malouf dismissed the appeal as settled. 0116 I-1 AF, Tab 56.

The appellant has since engaged in extensive litigation at the Board and in the Federal court system. This decision does not attempt to catalogue all the appellant's appeals or matters in the courts but discusses those matters that are relevant to this petition for enforcement.

On September 19, 2018, the appellant filed a petition for enforcement alleging the agency breached the settlement agreement. *Wine v. Department of the Interior*, MSPB Docket No. DA-0752-18-0116-C-1 (0116 C-1 AF). On February 20, 2019, Administrative Judge Malouf issued an initial decision in the compliance appeal that granted enforcement. 0116 C-1 AF, Tab 19. The compliance order was referred to the Board. *Wine v. Department of the Interior*, MSPB Docket No. DA-0752-18-0116-X-1 (0116 X-1 AF).

On March 26, 2019, the appellant filed another petition for enforcement 0116 C-2 AF, Tab 1. On May 31, 2013, Administrative Judge Joel Alexander

issued an initial decision that denied it in part and dismissed it in part. 0116 C-2 AF, Tab 28. The appellant did not challenge that decision by petition for review (PFR).

On July 1, 2019, the appellant filed another petition for enforcement. 0116 C-3 AF, Tab 1. On August 29, 2019, Administrative Judge Sarah Diouf issued an initial decision that dismissed it for adjudicatory efficiency pending the Board's decision in the X-1 Appeal. 0116 C-3 AF, Tab 13. The appellant did not challenge that decision by PFR.

On June 5, 2020, the appellant filed a petition for writ of mandamus with the Federal Circuit Court of Appeals that requested the Board act on the X-1 Appeal. 0116 L-1 AF, Tab 1. At the Federal Circuit, the appellant specifically requested to rescind the underlying settlement agreement and reinstate the original appeal. 0116 L-1, Tab 10 at 3. On July 20, 2020, the Federal Circuit issued a per curium order denying mandamus. 0116 L-1 AF, Tab 10. It subsequently denied petitions for rehearing.

On November 26, 2021, the appellant filed a PFR in the 0116 I-1 Appeal. The PFR alleged that the appellant was coerced into the settlement agreement and that the agency breached the settlement agreement.

On February 10, 2023, the Board issued two nonprecedential Final Orders. In the X-1 Appeal, the Board found the agency in compliance and dismissed the petition for enforcement. 0116 X-1 AF, Tab 27. The Board specifically held that it would be inappropriate to rescind the settlement agreement. *Id.* In the I-1 Appeal, the Board determined that the PFR was untimely. 0116 I-1 PFR, Tab 4.

On March 10, 2024, the appellant filed another petition for enforcement. 0116 C-4 AF, Tab 1. On June 4, 2024, Administrative Judge Martha Russo issued an initial decision that denied the petition. 0116 C-4 AF, Tab 53. The appellant filed a PFR, which is currently pending.

On July 2, 2024, the appellant filed the present petition for enforcement. 0116 C-5 AF, Tab 1.

**The Settlement Agreement**

In a motion to certify an interlocutory appeal, the appellant argued the Board was obligated to determine whether the agency "violated state and federal criminal laws when it forced Appellant into the 2018 settlement agreement (literally at the end of a gun barrel)." 0116 C-5 AF, Tab 37 at 3. He made a similar argument that the "only way to adjudicate the issue is to reopen the underlying appeal after rescinding the settlement agreement," to allow the parties to "finally resolve all outstanding matters." 0116 C-5 AF, Tab 26 at 4.

The appellant's argument focuses on Section 12 – No Admission of Liability – in the settlement agreement. 0116 C-5 AF, Tab 26. That section provides that the agreement "shall not in any way constitute an admission or concession from the Agency that its employees, or other employees of the Federal government, committed any harmful procedural error, engaged in any prohibited personnel practice, treated Appellant in a discriminatory or retaliatory manner, or violated any Federal or State laws, rules, regulations, or policies." 0116 I-1 AF, Tab 54 at 12. The agreement continued that "the Agency, its officers, employees, agents, servants, instrumentalities, representatives, administrators, successors, and assigns specifically deny that they individually or collectively committed any harmful procedural error, engaged in any prohibited personnel practice, treated Appellant in a discriminatory or retaliatory manner, or violated any Federal or State laws, rules, regulations, or policies." *Id*. It continued that the agreement was entered "not for the purpose of assigning blame or validating the claim(s) made" in any pending litigation. *Id*.

The appellant argued that "criminality by the Agency prior to the settlement agreement" must be adjudicated because, if there was such criminality,

then the settlement is "null and void according to its own plain language. 0116 C-5, Tab 41 at 3. He later acknowledged that the Board does not have authority to evaluate potential criminal conduct but argued instead that the Board has authority and a "mandate" to "evaluate civil violations of law as they pertain to Appellant's former employment." 0116 C-5 AF, Tab 44 at 3.

### Factual Background Related to this Petition

At some point in or before 2016 (before he was removed) the appellant applied for workers compensation benefits from the Department of Labor (DOL) Office of Workers Compensation Programs (OWCP). 0116 C-5 AF, Tab 51 at 3. DOL denied the claim in 2016 and denied it again on appeal in 2017. *Id.* The appellant later said that he requested that DOL reopen the 2016 OWCP claim on January 17, 2025, but DOL said it would not revisit "fact of injury" issues. 0116 C-5, Tab 55 at 3.

In response to briefing orders, the appellant argued that DOI is currently maintaining negative performance and conduct information in his personnel file in violation of the 2018 settlement agreement and that DOI provided "false and defamatory information to the Department of Labor as part of a USERRA [Uniformed Services Employment and Reemployment Rights Act] investigation to corrupt the process." 0116 C-5 AF, Tab 41 at 3. He argued that he is "unable to exercise his full rights under his OPM [Office of Personnel Management] disability retirement related to workers' compensation benefits" because DOI is "preventing him from receiving a full evaluation of his OWCP claim by sending information to [DOL] that falsely claims Appellant was guilty of misconduct in his former job duties" with DOI. *Id.* He referenced a letter dated January 5, 2023, from Daniel Burton, Director Veterans' Employment and Training Service in Little Rock, Arkansas at DOL. 0116 C-5 AF, Tab 1 at 3. Thus, he argues there are "two actionable claims in this appeal," related to the "maintenance of negative

information" and the DOI efforts to "impede Appellant's ability to apply for workers' compensation benefits." 0116 C-5 AF, Tab 41 at 3.

On January 5, 2023, Burton sent a letter to the appellant that addressed the appellant's "claim against the Department of the Interior under the [USERRA]," but that the "disability discrimination, reasonable accommodations, and non-competitive hiring claims may have remedies as prohibited personnel practices with the Office of Special Counsel or the Equal Employment Opportunity Commission," but that DOL did find a basis for purposing a USERRA claim. 0116 C-5, Tab 39 at 4.

According to an email from Burton to DOI, on December 25, 2022, the appellant filed a USERRA claim "where he alleged disability discrimination and non-competitive reinstatement USERRA violations with the U.S. Fish & Wildlife Service," and DOL closed the claim on January 5, 2023, "without needing to contact your office." 0116 C-5 AF, Tab 53 at 14. At the appellant's request, DOL referred the claim to the Office of Special Counsel. *Id*. at 14-16. DOI obtained a declaration from Burton where he confirmed that he closed the appellant's case without contacting DOI. *Id*. at 17. Burton confirmed that he determined the appellant could not establish eligibility under USERRA solely based on materials submitted by the appellant. *Id*.

The appellant disputed Burton's declaration, citing an email that appears to have been sent on December 28, 2022, in which Burton confirmed that the appellant wanted to "convert your USERRA claim to one of prior military service discrimination." 0116 C-5, Tab 54 at 3.

In support of his request to review the underlying agreement and workers compensation materials, the appellant submitted a letter, dated June 4, 2018, in which Heidi M.M. Thompson, PhD, LP, summarized that she diagnosed the appellant with Major Depressive Disorder, recurrent, in April 2016, which was exacerbated by the December 2017 "home invasion," and which led her to

conclude that the appellant "will never be able to return to [Fish and Wildlife Service] work based on Generalized Anxiety Disorder and Major Depressive Disorder. 0116 C-5 AF, Tab 50 at 5. He argued that if he were ever returned to Federal service, he "could then reassert this workers' compensation claim and place blame" on DOI. *Id*. at 3.

Between February 2023 and January 2024, the appellant was incarcerated at the Saline County Detention Center and Ouachita River Correctional Unit after convictions in Saline County (Arkansas) case no. 63CR-21-700 and Pulaski County (Arkansas) case no. 06CR-20-4204. 0116 C-5 AF, Tab 49 at 3. His submission to the Board indicates that the criminal charges stemmed from him "informing state employees that they were merely subject to lawful citizen's arrest for their part in covering up the state's involvement in the December 14, 2017, felony breaking and entering at Appellant's private residence in conspiring the Agency" [sic]. *Id*. He submitted a copy of a Writ of Error *Coram Nobis* in the 60CR-20-4204 case, in which he says he was "coerced into pleading 'no contest' to all charges in this case ... due to prosecutorial misconduct and ineffective counsel." *Id*. at 5.

For its part, the agency's response to the petition for enforcement argued that the appellant was only interested in relitigating the validity of the 2018 settlement agreement and was not focused on any current breach by the agency. 0116 C-5 AF, Tab 53 at 6. It further argued that any petition for enforcement based on the DOL letter would be untimely. *Id*. at 7.

### Applicable Law – Petitions for Enforcement

It is the allegedly noncompliant party's burden to prove its compliance with a Board order. 5 C.F.R. § 1201.183(d); *Tubesing v. Department of Health and Human Services*, 115 M.S.P.R. 327, ¶ 5 (2010), *New v. Department of Veterans Affairs*, 106 M.S.P.R. 217, ¶ 6 (2007), *aff'd*, 293 F. App'x 779 (Fed.

Cir. 2008); and *Donovan v. U.S. Postal Service*, 101 M.S.P.R. 628, ¶¶ 6–7, *rev. dismissed*, 213 F. App'x 978 (Fed. Cir. 2006). Compliance must be supported by relevant, material, and credible evidence. *Chacon v. Department of Agriculture*, 115 M.S.P.R. 313 ¶ 6 (2010). An appellant may rebut an agency's evidence of compliance by making specific, nonconclusory, and supported assertions of noncompliance. *Tubesing*, 115 M.S.P.R. 327, ¶ 5 (citing *New*, 106 M.S.P.R. 217, ¶ 6; and *Donovan*, 101 M.S.P.R. 628, ¶ 7). "To be in compliance regarding the provision of back pay, interest on back pay, and benefits, the agency must provide a detailed and clear explanation of the calculations it has made in determining the amount due the appellant." *Bruton v. Department of Veterans Affairs*, 111 M.S.P.R. 489, ¶ 17 (2009). Thus, the question to be decided in a petition for enforcement is whether the party accused of noncompliance has complied with the applicable Board order or has made a good faith effort to take all actions required for compliance. 5 C.F.R. § 1201.183.

If the allegedly noncompliant party has not complied (or taken good faith efforts to comply), the administrative judge must issue an initial decision that identifies the specific actions the noncomplying party must take to be in compliance. 5 C.F.R. § 1201.183(a)(5). Such an initial decision is then reviewed by the Board, which enforces compliance. *Id*. § 1201.183(c).

On the other hand, if the allegedly noncompliant party has complied with the applicable Board order (or made a good faith effort to take all actions required for compliance), such that there is no longer an effective remedy that the Board can order, the petition for enforcement is moot. 5 C.F.R. § 1201.183(a)(4); *Price v. U.S. Postal Service*, 118 M.S.P.R. 222, ¶ 8 (2012) (appeal is moot once the agency has provided acceptable evidence showing that it has afforded the appellant all of the relief he could have received if the appeal had been adjudicated).

A petition for enforcement alleging breach of a settlement agreement must be filed "within a reasonable amount of time" of the date the petitioning party becomes aware of the breach of the agreement. *See Phillips v. Department of Homeland Security*, 118 M.S.P.R. 515, ¶ 11 (2012); *see also Poett v. Merit Systems Protection Board*, 360 F.3d 1377, 1380-81 (Fed. Cir. 2004). The reasonableness of the time period depends on the circumstances of the case. *Phillips*, 118 M.S.P.R. 515, ¶ 11. As noted in *Phillips*, cases have considered whether the appellant is an experienced litigant. *Id.* (discussing *Chudson v. Environmental Protection Agency*, 71 M.S.P.R. 115, 118 (1996) (a year is an unreasonable time for an experienced litigant); *Bostick v. Department of Health & Human Services*, 63 M.S.P.R. 399, 401-02 (1994) (four months is a reasonable time, but twenty-one months is not).

The Board has long held that a challenge to the *validity* of a settlement must be raised through a timely petition for review from the initial decision that dismissed the appeal as settled and not in a petition for enforcement. *Hatcher v. Department of Justice,* 76 M.S.P.R. 97, 99 (1997) ("It is well-settled that an attack on the validity of a settlement agreement must be made in the form of a petition for review of the initial decision, and not in a petition for enforcement."); *see also Allen v. Department of Veterans Affairs*, 651 F. App'x 972, 977 (Fed. Cir. 2016) ("[A] petitioner may not challenge the validity of a settlement agreement in an appeal arising from a petition for enforcement."); *Vogel v. Department of the Navy*, 106 M.S.P.R. 451, ¶ 6 (2007) ("[T]o the extent that the appellant argues that the 2004 settlement agreement was fraudulently obtained because the agency never had any intention of placing him in a GS-7 Accountant position, that argument is properly raised in a petition for review challenging the initial decision dismissing the appeal as settled.").

## Applicable Law – Preclusion

The doctrine of claim preclusion (res judicata) provides that a valid, final judgment on the merits of an action bars a second action involving the same parties or their privies based on the same cause of action. *Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 337 (1995). Claim preclusion bars parties from relitigating issues that were, or could have been, raised in the prior action, and applies where: (1) the prior judgment was rendered by a forum with competent jurisdiction, (2) the prior judgment was a final judgment on the merits, and (3) the same cause of action and the same parties or their privies were involved in both cases. *Id*. For purposes of claim preclusion, a cause of action is the set of facts that gives an appellant the right to seek relief from an agency. *Jennings v. Social Security Administration*, 123 M.S.P.R. 577, ¶ 25 (2016); *see also Carson v. Department of Energy*, 398 F.3d 1369, 1375 (Fed. Cir. 2005).

The doctrine of issue preclusion (collateral estoppel) is related, and provides that a party may not relitigate an issue when: "(1) The issue is identical to that involved in the prior action; (2) the issue was actually litigated in the prior action; (3) the determination on the issue in the prior action was necessary to the resulting judgment; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action, either as a party to the earlier action or as one whose interests were otherwise fully represented in that action." *Kavaliauskas v. Department of the Treasury*, 120 M.S.P.R. 509, ¶ 5 (2014); *see also Whiteman v. Department of Transportation*, 688 F.3d 1336, 1340 (Fed. Cir. 2012); *Hau v. Department of Homeland Security*, 123 M.S.P.R. 620, ¶ 9 (2016), *aff'd sub nom. Bryant v. Merit Systems Protection Board*, 878 F.3d 1320 (Fed. Cir. 2017).

As the Board recently explained, the Board's jurisdiction flows from a "cause of action." *MacLean v. Department of Homeland Security*, 2024 MSPB 15.

Thus, an appellant "may not circumvent" preclusion issues by "challenging the same personnel action by asserting that his claims are based on different legal theories," even if those theories "depend on different shadings of the facts, or would emphasize different elements of the facts, or would call from different measures of liability or different kinds of relief." *Id*, ¶ 13 (citing *Resource Investments, Inc. v. United States*, 785 F.3d 660, 667 (Fed. Cir. 2015)). Whether characterized as res judicata or adjudicatory efficiency, an appellant may not continue to challenge the same cause of action based on different legal theories. *Id*., ¶ 15.

Additionally, the Board's Policy on Prohibited Conduct addresses "behavior demonstrating a pattern of abuse of the adjudicatory process," including repeatedly filing appeals or pleadings on issues that have been raised and adjudicated previously.[1]

## Analysis

### The Board Held that the Settlement Agreement is Enforceable

I begin with the validity of the settlement agreement. The Board has already concluded that it is valid and enforceable and I do not have authority to revisit those determinations.

In the initial decision dismissing the appeal as settled, Administrative Judge Malouf determined the settlement agreement was legal on its face. 0116 I-1 AF, Tab 56. This was consistent with Board case law that requires that an administrative judge review a settlement agreement prior to entering it into the record to assess whether it is lawful on its face and was freely reached by the parties, and that the parties understand its terms. *Delorme v. Department of the Interior*, 124 M.S.P.R. 123, ¶ 10 (2017) (discussing history of review of settlement agreements); *Mahoney v. U.S. Postal Service*, 37 M.S.P.R. 146,

---

[1] https://www.mspb.gov/appeals/files/Policy_on_Prohibited_Conduct_5_2_2024.pdf.

149 (1988). This obligation does not require that administrative judges conduct a mini-trial to challenge everything in a settlement agreement. Rather, the Board generally relies on the representations of the parties made in the agreement and any associated motions because the parties are more familiar with their own case.

The appellant affirmatively requested that the Board enforce the agreement based on an alleged breach, and the Board did so in the C-1 Appeal and X-1 Appeal. This request and the resulting orders assumed that the agreement was effective. If the appellant had not believed the agreement was enforceable at all, it would have been improper for him to seek to enforce it. In the X-1 Appeal, the Board specifically declined the appellant's request to rescind the agreement.

A petition for enforcement is not a valid mechanism to challenge the validity of the settlement agreement. *Hatcher*, 76 M.S.P.R. at 99. Considering the Board's decision in the X-1 Appeal, I do not have authority to now determine that the agreement is invalid. Even if the appellant believes that the language in Section 12 denying that the agency or its employees violated any law is a mechanism for challenging the validity of the agreement (as opposed to boilerplate disclaiming a reading of an agreement that would admit any violations), he cannot raise this legal argument by way of a petition for enforcement. *MacLean* made clear that parties may not circumvent preclusion by asserting claims based on different legal theories depending on different shadings of the facts. 2024 MSPB 15, ¶¶ 13-15. This petition for enforcement cannot serve as a vehicle to re-raise issues that were or could have been raised in the petition for review in the I-1 Appeal or by the Board's decision in the X-1 Appeal. I conclude that the appellant's continued filings challenging the validity of the settlement agreement, despite rulings that it is enforceable, violate the policy on repeated filings on already adjudicated matters. Therefore, the petition for enforcement is DENIED.

**The Board Does Not Have Jurisdiction over OWCP Denials**

A denial by OWCP is "final and conclusive for all purposes and with respect to all questions of law and fact," and is "not subject to review by another official of the United States or by a court by mandamus or otherwise." 5 U.S.C. § 8128(b). *See Kerrigan v. Merit Systems Protection Board*, 833 F.3d 1349, 1353 (Fed. Cir. 2016). Therefore, to the extent the appellant seeks to challenge OWCP's denial of benefits, he cannot do so through the Board.

**The Petition for Enforcement is Untimely**

Turning to the question of whether DOI breached the agreement in 2023, even if Burton's letter of January 5, 2023, could conceivably be connected to a breach of the settlement agreement by DOI, the present petition for enforcement would be untimely. A petition for enforcement must be filed "within a reasonable amount of time" of the date the petitioning party becomes aware of the breach of the agreement. *Phillips*, 118 M.S.P.R. 515, ¶ 11.

While the appellant was incarcerated between February 2023 and January 2024, there is no evidence that he did not receive the letter before he was incarcerated or that he could not have taken action to pursue a petition for enforcement before starting his incarceration. As the record in this these cases makes clear, the appellant is familiar with Board processes and the need to move quickly. Further, the appellant did not provide any evidence to support a claim that the entire period of his incarceration should be excused from any consideration of timeliness. Inmates routinely engage in legal work while incarcerated. Absent specific evidence that the appellant was prohibited from working on any petition for enforcement, I see no reason to conclude that the appellant was prevented from filing a petition for enforcement while he was incarcerated.

Finally, even if the entirety of the appellant's incarceration were excused, he was released in January 2024 but did not file this petition for enforcement until July 2, 2024. 0116 C-5 AF, Tab 1. This is not a reasonable amount of time within which to bring a petition for enforcement.[2] Therefore, the petition for enforcement is DISMISSED as untimely.

## DECISION

The appellant's petition for enforcement is DENIED in part and DISMISSED in part.

*Scott Borrowman*

FOR THE BOARD:    _____

Scott Borrowman
Administrative Judge

## NOTICE TO PARTIES CONCERNING SETTLEMENT

The date that this initial decision becomes final, which is set forth below, is the last day that the parties may file a settlement agreement, but the administrative judge may vacate the initial decision in order to accept such an agreement into the record after that date. *See* 5 C.F.R. § 1201.112(a)(4).

## NOTICE TO APPELLANT

This initial decision will become final on **March 12, 2025**, unless a petition for review is filed by that date. This is an important date because it is usually the last day on which you can file a petition for review with the Board. Any petition for review must be filed within 35 days after the date of issuance of the initial decision or, if the petitioner shows that the initial decision was received more

---

[2] Considering these timeliness issues, I do not make any findings on the substantive issues in the petition for enforcement.

than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision. The date that the petitioner receives the initial decision is determined according to the standard set forth at § 1201.22(b)(3), pertaining to an appellant's receipt of an agency decision. If the petitioner is represented, the 30-day time begins to run upon receipt of the initial decision by either the representative or the petitioner, whichever comes first. The date on which the initial decision becomes final also controls when you can file a petition for review with one of the authorities discussed in the "Notice of Appeal Rights" section, below. The paragraphs that follow tell you how and when to file with the Board or one of those authorities. These instructions are important because if you wish to file a petition, you must file it within the proper time period.

### BOARD REVIEW

You may request Board review of this initial decision by filing a petition for review.

Your petition must state your objections to the initial decision, including all of your legal and factual arguments, and must be supported by references to applicable laws or regulations and by specific references to the record. You must file it with:

The Clerk of the Board
Merit Systems Protection Board
1615 M Street, NW.
Washington, DC 20419

A petition for review may be filed by mail, facsimile (fax), personal or commercial delivery, or electronic filing. A petition submitted by electronic filing must comply with the requirements of 5 C.F.R. § 1201.14, and may only be accomplished at the Board's e-Appeal website (https://e-appeal.mspb.gov/).

### Criteria for Granting a Petition for Review

Pursuant to 5 C.F.R. § 1201.115, the Board normally will consider only issues raised in a timely filed petition for review. Situations in which the Board may grant a petition for review include, but are not limited to, a showing that:

(a) The initial decision contains erroneous findings of material fact. (1) Any alleged factual error must be material, meaning of sufficient weight to warrant an outcome different from that of the initial decision. (2) A petitioner who alleges that the judge made erroneous findings of material fact must explain why the challenged factual determination is incorrect and identify specific evidence in the record that demonstrates the error. In reviewing a claim of an erroneous finding of fact, the Board will give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing.

(b) The initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case. The petitioner must explain how the error affected the outcome of the case.

(c) The judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case.

(d) New and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. To constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed.

As stated in 5 C.F.R. § 1201.114(h), petition for review, or a response to a petition for review, whether computer generated, typed, or handwritten, is limited to 30 pages or 7500 words. A reply to a response to a petition for review is limited to 15 pages or 3750 words. A party relying on word count to adhere to the length limitation must include certification of the word count with their pleading.

Argument formatted such that the length of the pleading cannot be determined may be rejected. Computer generated and typed pleadings must use no less than 12-point typeface and 1-inch margins and must be double spaced and only use one side of a page. The length limitation is exclusive of any table of contents, table of authorities, attachments, and certificate of service. Length limitations may not be circumvented by including argument in attachments. Failure to comply with length limitations, after sufficient opportunity to comply, may lead to dismissal of the petition for review. A request for leave to file a pleading that exceeds the limitations must be received by the Clerk of the Board at least 3 days before the filing deadline. Such requests must give the reasons for a waiver as well as the desired length of the pleading and are granted only in exceptional circumstances. The page and word limits set forth above are maximum limits. Parties are not expected or required to submit pleadings of the maximum length.

If you file a petition for review, you should not include documents that were part of the record below, as the entire administrative record will be available to the Board. Any petition for review must be filed within 35 days after the date of issuance of the initial decision or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision. The date that the petitioner receives the initial decision is determined according to the standard set forth at § 1201.22(b)(3), pertaining to an appellant's receipt of an agency decision. If the petitioner is represented, the 30-day time period begins to run upon receipt of the initial decision by either the representative or the petitioner, whichever comes first.

Any response to a petition for review must be filed within 25 days after the date of service of the petition. Any reply to a response to a petition for review must be filed within 10 days after the date of service of the response to the

petition for review. The Board's regulation at 5 C.F.R. § 1201.23 governs the computation of time.

## NOTICE TO AGENCY/INTERVENOR

Any party to the proceeding, the Director of the Office of Personnel Management (OPM), or the Special Counsel (under 5 U.S.C. 1212(c)) may file a petition for review.  Each party is limited to filing a single petition for review, response to a petition for review, and reply to a response to a petition for review. A petition for review filed by an agency should address the agency's compliance with any interim relief requirements and should contain a certification, as set forth at 5 C.F.R. § 1201.116(a).

## NOTICE OF APPEAL RIGHTS

You may obtain review of this initial decision only after it becomes final, as explained in the "Notice to Appellant" section above.  5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this decision when it becomes final, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general.**  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date this decision becomes final.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action

was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after this decision becomes final under the rules set out in the Notice to Appellant section, above. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after this decision becomes final as explained above. 5 U.S.C. § 7702(b)(1).

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission

131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3)** **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8) or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date this decision becomes final</u> under the rules set out in the Notice to Appellant section, above. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx

## CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

### Appellant

Electronic Service     Mitch Wine
Served on email address registered with MSPB

### Agency Representative

Electronic Service     Vincent Alexander
Served on email address registered with MSPB

---

_Siu Wai Tam_

02/05/2025                              Siu Wai Tam
(Date)                                Paralegal Specialist